UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1235** |
| **BOBBY JINDAL, ET AL.** | **SECTION "F" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.

### I.     Factual Background

The plaintiff, Baron Johnson ("Johnson"), was released from David Wade Correctional Center ("DWCC")[1] and he filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, the State of Louisiana; Bobby Jindal and Kathleen Blanco, former governors of the State of Louisiana; Secretary of the Louisiana Department of Public Safety and Corrections, James M. LeBlanc; Ruth Jackson, his adoptive legal guardian; Newell Normand and Harry Lee, the current and former Sheriffs of Jefferson Parish; Paul D. Connick Jr, the District Attorney for Jefferson Parish; and the Jefferson Parish Sherriff's Office. R. Doc. 1, p. 1.

More specifically, Johnson contends that he has "concrete physical evidence" that he has been retaliated against by Ruth Jackson, his adoptive legal guardian, other unnamed family members, the Jefferson Parish Sheriff's Office, and by the State of Louisiana because of his previous federal lawsuit pursuant to 42 U.S.C. § 1983. *Id.* at p. 4. However, a review of the record

---

[1] The incidents that Johnson complains of occurred at the Jefferson Parish Correctional Center ("JPCC").

is devoid of any specific details as to why and how he was retaliated against by the defendants. Nevertheless, Johnson contends that because of the retaliation, he has received permanent scars and personal injuries from aggravated rapes, aggravated batteries, and medical malpractice. *Id.* Johnson contends that as a result of being raped as a child by family members, he has suffered "attempted murders, mental anguish, pain and suffering, and false complaints" from his defendants and other "enemies" who he filed federal lawsuits against in the "Fifth Circuit Eastern District." *Id.*

Johnson requests the following relief: (1) to go to Court and be present at hearings and (2) be present in federal court to confront his enemies, press charges, and receive damages. *Id.*

## II.     Standard of Review for Frivolousness

When a prisoner files an *in forma pauperis* civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2) and 1915(a); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### III.    Analysis

#### A.    Jefferson Parish Sheriff's Office

Johnson names the Jefferson Parish Sheriff's Office ("JPSO") as a defendant in this action. Johnson alleges that he was retaliated against by JPSO, but he fails to allege any facts from which the Court can conclude that the defendant has, in fact, retaliated against him. *See* Rec. Doc. 1, p. 4-5.

Pursuant to § 1983, liability is only imposed upon "persons" who violate someone's constitutional rights under color of law. Title 42 U.S.C. § 1983. The JPSO, however, is not a legal entity capable of being sued. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002); *see also Smith v. St. Tammany Parish Sheriff's Office*, Civ. Action No. 07-3525, 2008 WL 347801, at *2 (E.D.La. Feb. 6, 2008); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D.La. 2001); *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La. 1988); *Williamson v. Louisiana*, CIV. A. 08-4598, 2008 WL 5082911 (E.D. La. Nov. 24, 2008).

"It is well settled . . . that a Sheriff's Department is not a legal entity capable of being sued." *Valentine v. Bonneville Ins. Co.*, 691 So.2d 665, 668 (La. 1997) (citations omitted). Indeed, "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff." *Id; see also George v. Wilson*, 2000 WL 521450 (E.D.La. Apr. 28, 2000)*; Manieri v. Layirrison*, 2001 WL 25657 (E.D.La. Jan. 9, 2001); *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So.2d 236 (La.App. 3 Cir. 1977); *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 904 (E.D. La. 2001). Johnson merely states that the defendant, in conjunction with other defendants in this action, are "trying to protect his enemies." *See* Rec. Doc. 1, p. 3. As such, Johnson's claims should be dismissed as frivolous because they lack an arguable basis in both law and fact to hold the Jefferson Parish Sheriff's Office liable under § 1983.

### B. James M. LeBlanc and the State of Louisiana

Johnson names as defendants, James M. LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, and the State of Louisiana. It is unclear to the Court by the record why Johnson has named these two defendants as parties to the instant action. Nevertheless, the Court addresses each defendant below.

First, Johnson alleges that LeBlanc is one of several defendants to this action who is retaliating against him and "protecting his enemies." *See* Rec. Doc. 1, p. 3. However, he fails to allege any facts from which the Court can conclude that the defendant has, in fact, retaliated against him. Nothing in the complaint shows that LeBlanc "refused to treat [Johnson], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct" as evidence of the alleged retaliation. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001); *Terry v. Le Blanc*, 479 F. App'x 644, 646 (5th Cir. 2012). Therefore, Johnson's claim

against LeBlanc should be dismissed as frivolous as it lacks an arguable basis in law and fact to hold LeBlanc liable under § 1983.

To the extent Johnson names LeBlanc as a defendant as a supervisory official over the Jefferson Parish Correctional Center ("JPCC"), his claim still fails. Supervisory officials, like this defendant, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). A supervisory official may only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference as set forth above.

Here, Johnson does not allege that LeBlanc was present for, or personally, involved in the sexual assaults and aggravated rapes which occurred in JPCC. Although Johnson does allege personal injuries and mental anguish as result of his assaults and rapes, he has not alleged that he suffered any of these injuries as a result of any directive, supervised training or activity, or other policy set forth by either defendant which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-125 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Furthermore, Johnson's claims against the State of Louisiana is barred by the Eleventh Amendment. The United States Fifth Circuit Court of Appeals has noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

*Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280-81 (5th Cir. 2002) (quotation marks and citations omitted).

Thus, for the reasons stated above, Johnson's claim against both LeBlanc and the State of Louisiana should be dismissed with prejudice as frivolous for the reasons stated above.

### C.     **Supervisory Officials**

Johnson has named as defendants, three supervisory officials, Sheriff Harry Lee ("Lee"),[2] District Attorney Paul D. Connick Jr. ("Connick"), and Sheriff Newell Normand ("Normand"). However, Johnson does not assert any allegations or conduct of the defendants from which it can be concluded that the defendants are liable for any claims under § 1983.

Nevertheless, supervisory officials, like these defendants, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168

---

[2] Sheriff Harry Lee is no longer sheriff of Jefferson Parish, Louisiana. He died on October 1, 2007.

6

F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). A supervisory official may only be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). This personal involvement also must include a showing of deliberate indifference as set forth above.

Johnson does not allege that either defendant was present for, or personally, involved in the sexual assaults and aggravated rapes. Although Johnson does allege personal injuries and mental anguish as a result of his assaults and rapes, he has not alleged that he suffered any injuries as a result of any directive, supervised training or activity, or other policy set forth by either defendant which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-125 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

Instead, Johnson appears to have named these officials simply because of their supervisory roles. Thus, his claim against Lee, Normand, and Connick are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915 (e), § 1915A, and § 1997e.

### D. Ruth Jackson

Johnson names as a defendant, Ruth Jackson ("Jackson"), his adoptive legal guardian, in this proceeding. Although the record is again unclear, the Court concludes that Johnson names Jackson as a defendant because of the forcible rapes and sexual assaults he endured as a child under her custody.

Section 1983 affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation. *Victoria W. v. Larpenter,* 369 F.3d 475, 482 (5th Cir. 2004); *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir. 1984); *Coleman v. Coleman*, 3:04-CV-1909-P, 2004 WL 3048622 (N.D. Tex. Nov. 22, 2004) report and recommendation adopted, 3:04-CV-1909P, 2005 WL 17703 (N.D. Tex. Jan. 3, 2005).

State action for purposes of a § 1983 claim may be found if a private party has acted with help of or in concert with state officials, if a private party has been delegated power traditionally exclusively reserved to a state, or if there is sufficiently close nexus between a state and challenged action of a private entity so that action of latter may fairly be treated as that of a state itself. *McKeesport Hosp. v. Accreditation Council for Graduate Medical Educ.*, C.A.3 (Pa.) 1994, 24 F.3d 519.

Johnson does not allege that there is a sufficient nexus between the state and his adoptive legal guardian Jackson. Absent any evidence suggesting that Jackson was associated with the state to establish that her actions were attributable to the state, Johnson fails to prove that Jackson was acting under color of law, and therefore does not state a viable claim against Jackson. As such, the claims against this defendant should be dismissed as frivolous.

### E.      Governor Bobby Jindal[3] and Former Governor Kathleen Blanco

Johnson has named as defendants, Governors Bobby Jindal ("Jindal") and Kathleen Blanco ("Blanco"). However, none of these defendants are proper parties in this action.

---

[3] Bobby Jindal was the governor of Louisiana at the time Plaintiff's complaint was filed. Jindal's last date in office was January 11, 2016.

Jindal and Blanco are entitled to qualified immunity because Johnson's complaint alleges no personal involvement by the governors in his alleged retaliation, sexual assault, and rape claims, and, under the law, subordinates' acts trigger no individual § 1983 liability upon these defendants. *See e.g., Alton v. Texas A & M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). Liability exists only if the supervisor is personally involved in the constitutional deprivation or there is a causal connection between the supervisor's conduct and the violation. *Clark v. Richards*, 26 F.3d 1118 (5th Cir. 1994).

Not only has Johnson failed to allege any facts from which it can be concluded that Jindal and Blanco, as supervisory defendants of the Jefferson Parish Correctional Center, were personally involved in a constitutional deprivation regarding Johnson, but he also does not allege any facts from which it can be concluded that their actions were causally connected with a constitutional violation committed by a subordinate. Therefore, Johnson's claims against Governors Jindal and Blanco should be dismissed as frivolous.

**IV.    Recommendation**

**IT IS RECOMMENDED** that Johnson's § 1983 claims against the defendants, Ruth Jackson; Harry Lee; James M. LeBlanc; the State of Louisiana; Bobby Jindal; Kathleen Blanco; the Jefferson Parish Sheriff's Office; Newell Normand; and Paul D. Connick, Jr., be **DISMISSED WITH PREJUDICE** as frivolous for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

        New Orleans, Louisiana, this 17th day of May, 2016.

        _____
        **KAREN WELLS ROBY**
        **UNITED STATES MAGISTRATE JUDGE**

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.